**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TANDEN DANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | NO.   16 C 2968 |
| ) | |
| CITY OF CHICAGO, CHICAGO POLICE OFFICER ) | |
| RAFAEL BONIFAZI, CHICAGO POLICE OFFICER ) | |
| JOHN DYCKMAN, CHICAGO POLICE OFFICER ) | |
| JERRY GOMEZ and CHICAGO POLICE OFFICER ) | |
| MAZYAR HARIRI, ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, TANDEN DANIEL, by and through his attorney, BASILEIOS J. FOUTRIS, and for his complaint against the Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICER RAFAEL BONIFAZI, CHICAGO POLICE OFFICER JOHN DYCKMAN, CHICAGO POLICE OFFICER JERRY GOMEZ and CHICAGO POLICE OFFICER MAZYAR HARIRI, states as follows:

### Nature of Action

1. This action is brought pursuant to the Laws of the United States Constitution, through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants in connection with the Plaintiff's March 9, 2014 arrest.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

1

4. The CITY OF CHICAGO is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the CITY OF CHICAGO was the employer of Defendants, CHICAGO POLICE OFFICER RAFAEL BONIFAZI, CHICAGO POLICE OFFICER JOHN DYCKMAN, CHICAGO POLICE OFFICER JERRY GOMEZ and CHICAGO POLICE OFFICER MAZYAR HARIRI ("Defendant Officers"). The Defendant Officers were at all relevant times employed by the CITY OF CHICAGO as duly appointed police officers in the CITY OF CHICAGO acting within the course and scope of their employment and under color of law. CHICAGO POLICE OFFICER RAFAEL BONIFAZI, CHICAGO POLICE OFFICER JOHN DYCKMAN, CHICAGO POLICE OFFICER JERRY GOMEZ and CHICAGO POLICE OFFICER MAZYAR HARIRI are all being sued in their individual capacities with respect to the federal claim.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On March 9, 2014, the Plaintiff was arrested in Chicago, Illinois, by police officers employed by the CITY OF CHICAGO. The March 9, 2014 arrest was made without a warrant. The Plaintiff was arrested, or his arrest was directly caused, by acts and/or omissions of Defendant Officers.

7. Immediately before he was arrested, or was caused to be arrested, by the Defendant Officers, the Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was being arrested, he was not violating any laws, rules or ordinances. There was no probable cause or legal justification to arrest the Plaintiff on March 9, 2014.

2

8. After arresting, or causing the Plaintiff to be arrested, the Defendant Officers commenced, or assisted in commencing, criminal proceedings against the Plaintiff. There was no probable cause or legal justification to commence, or to assist in commencing, criminal proceedings against the Plaintiff.

9. The Plaintiff was found not guilty at a trial.

10. At the time that the Plaintiff was arrested, the Defendant Officers knew that there was no probable cause or legal justification to arrest the Plaintiff.

### COUNT I - 42 U.S.C. §1983
### False Arrest – Defendant Officers

11. The Plaintiff re-alleges Paragraphs 1 through 10, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 11.

12. As described in the preceding paragraphs the conduct of the Defendant Officers, acting under color of law, constituted an unlawful arrest of the Plaintiff in violation of the United States Constitution.

13. The misconduct was undertaken by the Defendants, CHICAGO POLICE OFFICER RAFAEL BONIFAZI, CHICAGO POLICE OFFICER JOHN DYCKMAN, CHICAGO POLICE OFFICER JERRY GOMEZ and CHICAGO POLICE OFFICER MAZYAR HARIRI, under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

14. The acts of the Defendants, CHICAGO POLICE OFFICER RAFAEL BONIFAZI, CHICAGO POLICE OFFICER JOHN DYCKMAN, CHICAGO POLICE OFFICER JERRY GOMEZ and CHICAGO POLICE OFFICER MAZYAR HARIRI, were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

15. As a direct and proximate result of the acts of the Defendants, CHICAGO POLICE OFFICER RAFAEL BONIFAZI, CHICAGO POLICE OFFICER JOHN DYCKMAN, CHICAGO POLICE OFFICER JERRY GOMEZ and CHICAGO POLICE OFFICER MAZYAR HARIRI, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, TANDEN DANIEL, prays for judgment in his favor and against the Defendants, CHICAGO POLICE OFFICER RAFAEL BONIFAZI, CHICAGO POLICE OFFICER JOHN DYCKMAN, CHICAGO POLICE OFFICER JERRY GOMEZ and CHICAGO POLICE OFFICER MAZYAR HARIRI, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### COUNT II - Illinois State Law
### Malicious Prosecution – CHICAGO

16. The Plaintiff re-alleges Paragraphs 1 through 15, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 16.

17. As described above, the Defendant Officers arrested and commenced criminal proceedings against the Plaintiff without probable cause or legal justification. The criminal proceedings were instituted with malice, and were ultimately dismissed with a not guilty verdict.

18. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as police officers for CHICAGO, was objectively unreasonable and with malice.

19. As a direct and proximate result of the acts of the Defendant Officers, employees of CHICAGO, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

4

WHEREFORE, the Plaintiff, TANDEN DANIEL, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO, awarding compensatory damages and costs against the Defendant, CITY OF CHICAGO, as well as any other relief this Court deems just and appropriate.

### Count III - Illinois State Law
### Indemnification - CHICAGO

20. The Plaintiff re-alleges Paragraphs 1 through 19, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 20.

21. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

22. At all relevant times the CITY OF CHICAGO was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, TANDEN DANIEL, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, CITY OF CHICAGO, in the amounts awarded to the Plaintiff against the individual Defendants, and for whatever additional relief this Court deems just and appropriate.

### JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200
bfoutris@foutrislaw.com